Frank Frisenda (State Bar No. 85580)
**FRISENDA, QUINTON & NICHOLSON**
11601 Wilshire Boulevard, Suite 500
Los Angeles, California 90025
Telephone: 702.792.3910
Facsimile: 702.436.4176
E-Mail: frankfrisenda@aol.com

*Attorney for Plaintiff*
EVER WIN INTERNATIONAL CORPORATION

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JON E. HOKANSON, SB# 118829
  E-Mail: Jon.Hokanson@lewisbrisbois.com
JOSEPHINE A. BROSAS, SB# 239342
  E-Mail: Josephine.Brosas@lewisbrisbois.com
JOSHUA S. HODAS, SB# 250802
  E-Mail: Josh.Hodas@lewisbrisbois.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

*Attorneys for Defendant*
EFORCITY CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EVER WIN INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>EFORCITY CORPORATION, a California corporation; and DOES 1 thru 10, inclusive,<br><br>Defendants. | CASE NO. CV13-04034 GW (JEMx)<br><br>*The Hon. George H. Wu*<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: October 31, 2013<br>Time: 8:30 a.m.<br>Ctrm.: 10<br><br>Action Filed: June 5, 2013<br>1st Amended<br>  Complaint Filed: August 6, 2013<br>Trial Date: None Set |

4841-0770-9462.1

JOINT RULE 26(f) REPORT

Pursuant to Federal Rules of Civil Procedure 26(f), Plaintiff Ever Win International Corporation (hereinafter "Ever Win") and eForcity Corporation (hereinafter "eForcity") hereby submit their joint report following their conference on October 11, 2013.

## I. SUMMARY OF ACTION

On October 26, 2010, U.S. Design Patent No. D626,072 S ("the '072 patent") was duly and legally issued to Joseph Shien Tang Tseng and Joseph B. Sainton, for an invention entitled "Dual USB Active Cigarette Lighter Adapter Plug with Capture." The patent has since been assigned to Ever Win International Corporation. (Complaint Exhibit "1").

On September 28, 2010, U.S. Design Patent No. D624,501S ("the '501 patent") was duly and legally issued to Jackson Chun Chan, for an invention entitled "Dual USB Active Cigarette Lighter Adapter Plug." The patent has since been assigned to Ever Win International Corporation. (Complaint Exhibit "2").

On September 18, 2012, U.S. Design Patent No. D667,377 S ("the '377 patent") was duly and legally issued to Jackson Chun Chan, for an invention entitled "Dual USB Active Vehicle Power Adapter Plug With Capture." The patent has since been assigned to Ever Win International Corporation. (Complaint Exhibit "3").

Plaintiff Ever Win is the owner of record by assignment and has the right to bring suit under the '051, '072 and '377 patents.

Plaintiff Ever Win is a manufacturer, distributor, and seller, inter alia, of Cigarette Lighter Adapters ("CLAs") and is in direct competition with the Defendant.

Defendant eForcity imports and sells a variety of electronic accessories. It has sold CLA's having various configurations. Certain products sold by eForcity are the subject of this action.

Defendant eFocity believes the '501,'072 and '377 Patents are invalid and that there is no infringement of either patent when the proper test of infringement is applied and the functional aspects of the design properly discounted.

## II. DISCOVERY PLAN PURSUANT TO RULE 26(f)

### A. Changes to Rule 26(a) Disclosures.

The parties do not seek any changes to the timing, form or requirements for disclosures under Rule 26(a), and will make their initial disclosures pursuant to Rule 26(a) on November 15, 2013, two weeks from the October 31, 2013 Scheduling Conference, by serving such disclosures by U.S. mail.

### B. Subjects, Timing and Phasing of Discovery.

As of this time, Plaintiff and Defendants intend to conduct discovery on all issues raised in the pleadings, including document request, special interrogatories, request for admission, and depositions.

The parties respectfully request that the Court adopt the following schedule respecting discovery and other trial events:

| Date | Event |
|---|---|
| 1/11/14 | Last Day to Amend Pleadings or add parties |
| 8/11/14 | Non-Expert Discovery cut-off |
| 9/15/14 | Expert disclosures and reports pursuant to Fed.R.Civ.P.26 (a)(2) by Party with the burden of proof |
| 9/30/14 | Opposing Expert Reports |
| 10/13/14 | Expert Discovery cut-off |
| 10/20/14 | Last day for hearing motions including Markman, if required. |

| Date | Event |
|------|-------|
| 10/27/14 | Last day for hand-serving Motions-in-Limine |
| 11/17/14 | Last day for hearing of dispositive Motions |
| 11/24/14 | Lodge Pretrial Conference Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement |
| 12/1/14 | Final Pretrial Conference; Hearing on Motions-in-Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Settlement re Disputed Instructions and Verdict Forms; File Proposed Voir Dire Questions and Agreed-to Statement of Case |
| 12/8/14 | File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony |
| 12/16/14 | Trial date   [Estimated 5 days]   (9.00 a.m.) |

C. <u>Issues of Disclosure and Production of Electronically Stored Information.</u>

The parties agree that documents and electronically stored information shall be produced electronically (e.g., on compact discs) in single-page Bates-numbered PDF or TIFF format, with load files. The parties agree to maintain machine-derivable metadata for relevant source documents, to the extent such metadata exists without additional processing of the document and to produce such metadata on a document-by-document basis at the request of the other party. Except as otherwise

1 agreed by the parties or ordered by the Court, electronically stored information need
2 not be produced in native format (or any format other than images as described
3 above), and additional metadata (i.e., requiring additional document processing)
4 need not be produced but shall be preserved to the extent it exists. To the extent
5 either party believes that certain documents or groups of documents should be
6 produced in an alternative format, or that metadata should be produced, the parties
7 agree to meet and confer in good faith concerning such alternative production
8 arrangements. The parties have further agreed that they will meet and confer in good
9 faith regarding a production protocol that sets out the exact technical requirements
10 to reasonably comply with this agreement.

        D.    <u>Issues Respecting Privileged Information</u>.

The parties have agreed that the inadvertent production of information subject to the attorney-client privilege and/or work product doctrine (the "Privileged Information") shall not constitute a waiver of any such privilege and/or protection. Promptly upon discovering that any Privileged Information has been produced, the producing party shall notify the other party in writing and designate inadvertently produced documents on a privilege log. Upon receipt of such notice, the receiving party shall not review such documents further (except for the purposes of identifying them for their return to the disclosing party and/or destruction) and shall then either return all copies of the same to the producing party or destroy them.

The parties agree that the parties log privileged and/or work product documents in accordance with Fed. R. Civ. P. 26(b)(5)(A)(ii) and make reasonable efforts to produce privilege logs within sixty (60) days of the date on which non-privileged documents are produced in response to a request also soliciting privileged documents. The parties agree that neither party need log privileged and/or work product documents created on or after June 7, 2013, the date of the filing of the original complaint in this action.

E.  Limitations on Discovery.

Neither party presently seeks changes to the limitations on discovery imposed under the Federal and/or Local Rules, but all parties reserve their right to request such changes if necessary.

F.  Other Orders that the Court Should Issue Under Rule 26(c).

The parties are presently negotiating a protective order.

The parties agree that service may be made by electronic means pursuant to Fed.R.Civ.P.5(b)(2)(E).

## III. DISCOVERY PLAN PURSUANT TO RULE 26(f)

A.  Ever Win is Entitled To Defendant's Profits.

In design patent infringement actions in which the patent owner opts to recover the infringer's profits under 35 USC § 289, the courts look to pre-1946 utility patent case law,[1] as well as copyright and other cases, [See generally Dobbs,

---

[1] The district court noted:

"In determining the total profits of the defendants, an issue in the case is whether those profits should be calculated so as to reflect a deduction for income taxes paid. [The patentee] asserts that the proper measure of total profits under Section 289 is on a pre-tax basis. The defendants rely on In Design v. K-Mart Apparel Corp., 13 F.3d 559, 29 USPQ 2d 1356 (2nd Cir. 1994) for the proposition that income taxes are to be deducted in arriving at total profit. Although it is a copyright case, the court finds its reasoning persuasive. Nevertheless, the Federal Circuit, controlling authority for this court in patent cases, seems to have put the matter to rest in Kalman v. Berlyn Corp., 914 F.2d 1473, 1482-83, 16 USPQ 2d 1093 (Fed.Cir. 1990), which although not a § 289 case, clearly holds that in determining whether income taxes should be deductible, the consequences of such a deduction are to be considered. Of course, ... the consequences of allowing a deduction for income taxes would result in [the patentee] having less income than if the profits had not been wrongfully received by the defendant; Hanover Shoe Inc. v. United Shoe Mach. Corp., 392 U.S. 481, 503 (1968). In Design [the court] rejected Schnadig Corp. v. Gaines Mfg. Co., 620 F.2d 1166, 206 USPQ 202 (6th Cir. 1980) and chose in part to follow Stromberg Motor Devices Co. v. Detroit Trust Co., 44 F.2d 958 Copyright Cases or Patent Cases, 6 USPQ 31 (7th Cir. 1930). Schnadig was a § 289 case, and its reasoning on the question whether there should be a distinction between willful and innocent infringers in making the determination on income tax deductibility is pertinent. It, too, relied on the consequences of tax deductibility. ...Recognizing that there is a contrariety of opinion at the circuit level, the court feels bound by what it construes as Federal Circuit authority calling for profits to be determined on a pre-tax basis."

Handbook on the Law of Remedies: Damages – Equity—Restitution 450-56, 480-86 (1973); 3 <u>Nimmer on Copyright</u> § 14.03[C] (1979); Milgrim, Trade Secrets § 7.08[3][d] (1979); Gilson, Trademark Protection and Practice § 8.08[3] (1979)] for guidance in determining the amount of accountable profits.

In *Nike v. Wal-Mart Stores, Inc.* (1996), 41 USPQ 2d 1146 (E.D. Va 1996), aff'd in part, rev'd in part, & remanded, 138 F.3d 1437 <u>Copyright Cases</u> or <u>Patent Cases</u>, 46 USPQ 2d 1001 (Fed. Cir. 1998), the Western Virginia District Court awarded infringer profits for design patent infringement under § 289 "on a pre-tax basis" even though it found the contrary reasoning of a Second Circuit copyright decision more persuasive.[2] The Federal Circuit affirmed, stressing that "[t]he statute requires the disgorgement of the infringers' profits to the patent holder, such that the infringers retain no profit from their wrong. 138 F.3d at 1448, 46 USPQ 2d at 1010 <u>Copyright Cases</u> or <u>Patent Cases</u>.

## IV. <u>OTHER INFORMATION IDENTIFIED IN LOCAL RULE 26-1</u>.

    a.    This Action is Not Complex.

          The parties agree that this case is not complex.

    b.    Motion Schedule.

          The parties agree that the deadline for hearing of dispositive motions shall be November 17, 2014.

    c.    Settlement

The parties have not engaged in substantive discussions to date, and believe that such discussions will be the most effective after discovery has taken place. The parties agree that private mediation is most likely to be effective.

---

[2] 41 USPQ 2d at 1150-51; Nike, Inc. v. Wal-Mart Stores, Inc., 138 F.3d 1437 Copyright Cases or Patent Cases, 46 USPQ 2d 1001 (Fed.Cir. 1998). Cf. Standard Manufacturing Co., Inc. v. United States, 42 Fed. Cl. 748 Copyright Cases or Patent Cases (1999), discussed § 20.03[6][c].

LEWIS BRISBOIS

    d.    Trial Estimate.

The parties presently estimate that trial will take 5 court days.

    e.    Additional Parties.

Neither party anticipates naming additional parties in this matter.

    f.    Expert Witness

The parties proposed Expert Witness schedule is laid out in Section B, above.

DATED: October 11, 2013    FRISENDA QUINTON & NICHOLSON

By: /s/ Frank Frisenda
Frank Frisenda
*Attorneys for Plaintiff*
EVER WIN INTERNATIONAL CORPORATION

DATED: October 11, 2013    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Jon E. Hokanson
Jon E. Hokanson
*Attorneys for Defendant*
EFORCITY CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2013, all counsel of record who are deemed to consented to electronic service are being served with a true and correct copy of the foregoing JOINT RULE 26(f) REPORT through the Court's CM/ECF system per Local Rule 5-3.3:

JON E. HOKANSON
JOSEPHINE A. BROSAS
JOSHUA S. HODAS
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

_____
Frank Frisenda